UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>RIDGETOP CONSTRUCTION, INC., Defendant | C.A. No. 03-12384 NMG |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant RidgeTop Construction, Inc. (hereinafter "RidgeTop") is a New Hampshire corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about May 26, 2004 issued a Notice of Default. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $56,917.69, representing contributions owed to the Funds for the period from May, 2002 through January, 2003, together with interest on unpaid and late-paid contributions, liquidated damages, and reasonable attorneys' fees and costs.

## FACTS

Defendant RidgeTop is bound by the terms of a collective bargaining agreement (the "Agreement"), with the International Union of Operating Engineers Local 4 (the "Union"). A true and accurate copy of the Agreement is attached to the Complaint as Exhibit A. This Agreement requires RidgeTop to adhere to the Funds' Trust Agreements and to make monthly contributions to the International Union of Operating Engineers Local 4's Benefit Funds based on the number of employee hours covered under the Agreement. See Affidavit of James Bucci ("Bucci Aff."), par. 3.

According to the Agreement, RidgeTop must make all payments to the Funds by the last day of the month following the incurring of the obligation. Id. Further, any costs, inclusive of legal fees, incurred by the Union or the Funds in the collection of unpaid contributions are to be borne by RidgeTop. (Bucci Aff., par. 4).

Defendant RidgeTop performed work under the terms of the Agreement, but failed to pay all contributions due thereunder. RidgeTop owes the Funds $$36,235.82 in unpaid contributions, including dues, for work performed through January, 2003. (Bucci Aff., par. 9).

2

## **ARGUMENT**

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have ascertained via remittance reports that RidgeTop owes the Funds $36,235.82 in unpaid benefit fund contributions due under the Agreement for the period from May, 2002 through January, 2003. (Bucci Aff., par. 9). Further, prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B). As such, the Funds have ascertained that, pursuant to the terms of the Agreement, RidgeTop would owe $7,949.86 in interest on the unpaid contributions due if these contributions were paid by August 31, 2004. (Bucci Aff., par. 10). Further, RidgeTop owes $301.72 in interest on its late-paid 401(k) contributions. Id.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the unpaid contributions, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, because the Agreement does not provide for liquidated damages, RidgeTop owes as liquidated damages an additional amount equal to the interest on the unpaid contribution. This would mean that RidgeTop owes an additional $7,949.86 as liquidated damages.

Finally, attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g)(2)(D). Attorneys' fees and costs of this action are $4,480.43. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Gina Alongi.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enter against Defendant RidgeTop in the amount of $56,917.69, representing unpaid contributions for the period from May, 2002 through January, 2003, interest on the unpaid and late-paid contributions, liquidated damages, and reasonable attorneys' fees and costs.

Respectfully submitted,

WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al.,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esq. BBO #546576
Gregory A. Geiman, Esq. BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208

Dated: August 12, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Affidavit has been served by certified and first class mail upon RidgeTop Construction, Inc. at 254 Ridge Road, New Durham, MA 03855 this 12th day of August, 2004.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

3118 03-286/memsupdf.doc

4