## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

WILLIAM RYAN and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
    Plaintiffs

vs.

RIDGETOP CONSTRUCTION, INC.,
    Defendant

C.A. No. 03-12384 NMG

---

### AFFIDAVIT OF JAMES BUCCI

1.  My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2.  On or about July 24, 2000, RidgeTop Construction, Inc. ("RidgeTop") signed an agreement with the Union (the "Agreement") whereby RidgeTop agreed to be bound to the terms of the Restated Agreements and Declarations of Trust establishing the Funds, to the terms of a Collective Bargaining Agreement ("CBA") requiring contributions to the Funds, and to any

successor agreements. A true and accurate copy of the Agreement is attached to the Complaint as Exhibit A.

3. Under the current CBA, which is effective from June, 1999 through May, 2005, RidgeTop was bound to make fringe benefit contributions to the Funds for each payroll hour for each person covered under the CBA by the tenth day of the month after the month in which work was performed. A true and accurate copy of the CBA is attached to the Complaint as Exhibit B.

4. Part 2, Article XI of the CBA provides that interest will be assessed at the rate of 1% per month on all contributions not received by the Funds by the last day of the month following the month in which the work was performed, and that the delinquent employer will pay all costs of collection, including attorney's fees.

5. Pursuant to the CBA, RidgeTop was also obligated to deduct and remit, before taxes, a negotiated percentage of the gross wage package for union dues and, upon interested employees' written authorization, for deposit in the Annuity & Savings 401(k) Plan.

6. RidgeTop performed work under the terms of the CBA between January, 2002 and January, 2003 but failed to pay all contributions due thereunder. Between May, 2002 and January, 2003, RidgeTop accrued delinquent contributions in the amount of $39,554.40.

7. On or about May 23, 2003, the Funds sent RidgeTop an agreement whereby RidgeTop was to discharge its liability by paying the Funds $4,000.00 per month through February, 2004, plus interest. RidgeTop signed the agreement, a true and accurate copy of which is attached to the Complaint as Exhibit C.

8. RidgeTop made only one $4,100.00 payment pursuant to the agreement's payment schedule, a percentage of which went toward the principal and a percentage of which went

2

toward the interest which had accrued on the delinquent contributions at the time. Further, RidgeTop subsequently paid the $1,345.00 owed in delinquent 401(k) contributions.

9. Therefore, based upon all available records, RidgeTop's total liability to date for unpaid contributions, including unpaid dues, is $36,235.82.

10. Further, if all of its delinquent contributions were paid by the end of August, 2004, RidgeTop's liability for interest on the unpaid contributions would equal $7,949.86. In addition, RidgeTop continues to owe $301.72 in interest on its late-paid 401(k) contributions.

11. Thus, RidgeTop's total liability to the Funds for unpaid contributions and interest is, as of this date, $44,487.40.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF AUGUST, 2004.

_____
James Bucci

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Affidavit has been served by certified and first class mail upon RidgeTop Construction, Inc. at 254 Ridge Road, New Durham, MA 03855 this ___ day of August, 2004.

_____
Gregory A. Geiman, Esquire

ARS/gag&ds
3118 03-286/affbucci.doc

3

TOTAL P.06